UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DANIELLE SCHWARTZ<br>Plaintiff<br><br>v.<br><br>FOX PEST SERVICES, LLC<br>Defendant | : | Civil Action No.<br><br><br><br>OCTOBER 22, 2025 |

**PETITION FOR REMOVAL**

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT:**

Defendant, Fox Pest Services, LLC, respectfully states:

**The State Court Action**

1. On or about October 8, 2025 an action was filed against Defendant in the Superior Court for the Judicial District of Hartford, in the State of Connecticut, entitled *Danielle Schwartz v. Fox Pest Services, LLC* ("State Action."). No further proceedings have been had in the State Action. Copies of all process pleadings and orders have been served upon Defendant in said action are annexed hereto as Exhibit A.

**Grounds for Removal: Diversity Jurisdiction**

2. The above-described action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, diversity jurisdiction.

3. 28 U.S.C. § 1441 authorizes the removal of "any civil action brought in a State court of which the district court of the United States have original jurisdiction."

4. The Complaint alleges that Plaintiff is a resident of Connecticut.

5. Defendant is a limited liability company consisting of two members, BT White, Inc. and Romney Services, Inc. (dissolved). BT White, Inc. is a corporation organized under the laws of Utah with a principal place of business in Wellsville, Utah. Romney Services, Inc. was a corporation organized under the laws of Idaho with a principal place of business in Preston, Idaho. *See Bayerische Landesbank v. Aladdin Capital Mgmt. LLC,* 692 F.3d 42, 49 (2d Cir. 2012) (holding that a limited liability company takes the citizenship of each of its members).[1]

6. Under 28 U.S.C. § 1332(c)(1), there is complete diversity of citizenship between the parties.

7. The amount in controversy also exceeds the sum or value of $75,000.00 exclusive of interest and costs. A removing party must establish "that it appears to 'a reasonable probability' that the claim is in excess of the statutory jurisdictional amount," exclusive of interest and costs. *United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994). "The amount in controversy must thus appear on the face of the complaint or be established by proof. This burden is hardly onerous, however, because the Second Circuit recognizes a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Lannunziata v. Am. Stock Transfer & Tr. Co., LLC*, Civil Action No. 3:20-CV-1865 (CSH), 2021 U.S. Dist. LEXIS 15127, *11 (D. Conn. Jan. 27, 2021) (internal citations omitted).

The allegations of the Complaint along with the documentary evidence and case law cited herein further demonstrate that this case meets the jurisdictional threshold. Plaintiff seeks damages which include lost wages, backpay, loss of employment benefits, and attorney's fees and costs.

[1] Defendant was purchased by and merged with FPC Holdings, LLC on January 1, 2024. FPC Holdings, LLC's membership consists of Rollins, Inc., which is a Delaware Corporation with a principle place of business located in Atlanta, Georgia and therefore complete diversity is maintained.

These potential sums would further satisfy the jurisdictional threshold, either on their own or in combination with some other element of Plaintiff's claimed damages. If this Court were to award Plaintiff her attorneys' fees, that sum alone could range between $75,000 – $100,000. See, e.g., *Miro v. City of Bridgeport*, No. 3:30cv346 (VAB), 2024 U.S. Dist. LEXIS 14074, *12 (D. Conn. Jan. 26, 2024) (awarding $87,080 in attorneys' fees following plaintiff's verdict in employment claim).

Therefore, this Court has jurisdiction over the claims made by Plaintiff, and removal is appropriate.

**<u>Compliance with Procedural Requirements</u>**

8. There are no other defendants in this case. Thus, no other defendants must join in or consent to the removal of this matter. *See* 28 U.S.C. § 1446(b)(2)(A).

9. Pursuant to 28 U.S.C. § 1441(a), venue of the removal action is proper in the United States District Court for the District of Connecticut because the county from which the State Action is being removed lies within the State of Connecticut.

10. The service of process on Defendant's agent taking place on September 22, 2025, was Defendant's first receipt of the process in the State Action. Thus, the Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of Defendant's receipt of the initial pleading in the State Action.

**<u>Conclusion</u>**

Having fulfilled all statutory requirements, Defendant Fox Pest Services, LLC removes this action to this Court from the Superior Court for the Judicial District of Hartford, and requests that this Court assume jurisdiction over this matter as provided by law.

**DEFENDANT,**
**FOX PEST SERVICES, LLC**

By: */s/ John P. Shea, Jr.*

John P. Shea, Jr. (ct17433)
john.shea@jacksonlewis.com
Thomas W. Moyher (ct29459)
thomas.moyher@jacksonlewis.com
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT 06103
P: (860) 522-0404
F: (860) 247-1330

**CERTIFICATION OF SERVICE**

I hereby certify that on October 22, 2025, a copy of foregoing was served by electronic mail on the following counsel of record:

Michael J. Reilly
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
mreilly@cicchielloesq.com

*/s/ Thomas W. Moyher*
Thomas W. Moyher