UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DANIELLE SCHWARTZ<br>Plaintiff | : | |
| | : | Civil Action No. 3:25-cv-01780-SRU |
| v. | : | |
| FOX PEST SERVICES, LLC<br>Defendant | : | December 11, 2025 |

**<u>DEFENDANT'S ANSWER AND SPECIAL DEFENSES</u>**

Defendant, Fox Pest Services, LLC, by and through its attorneys, Jackson Lewis, P.C., respectfully submits the following Answer in response to Plaintiff's Complaint dated September 17, 2025. Any allegations not expressly admitted are denied.

**<u>COUNT ONE:</u>** **SEXUAL HARASSMENT IN VIOLATION OF CONN. GEN. STAT. § 46a-60(b)(1) and (b)(8)**

1. Defendant lacks knowledge or information sufficient to form a response to the allegations of Paragraph No. 1 and leaves Plaintiff to her proof.

2. Defendant admits the allegations of Paragraph No. 2.

3. Defendant denies that it provides pet control services but admits that it provides pest control services. Respondent admits all remaining allegations contained in Paragraph 3.

4. Defendant admits that Plaintiff was hired on July 14, 2022, and then terminated for her failure to pass her licensing exams. Defendant admits that Plaintiff was rehired in September 2022 after passing her licensing exams. Defendant denies all remaining allegations contained in Paragraph 4.

5. Defendant admits the allegations contained in Paragraph 5.

6. Defendant admits the allegations contained in Paragraph 6 but denies that Mr. Ponder was Plaintiff's direct supervisor.

7. Defendant denies the allegations contained in Paragraph 7.

8. Defendant denies the allegations contained in Paragraph 8.

9. Defendant denies the allegations contained in Paragraph 9.

10. Defendant denies the allegations contained in Paragraph 10.

11. Defendant denies the allegations contained in Paragraph 11.

12. Defendant denies the allegations contained in Paragraph 12.

13. Defendant denies the allegations contained in Paragraph 13.

14. Defendant denies the allegations contained in Paragraph 14.

15. Defendant denies the allegations contained in Paragraph 15.

16. Defendant denies the allegations contained in Paragraph 16.

17. Defendant denies the allegations contained in Paragraph 17.

18. Defendant admits that on or about February 17, 2025, management met with Plaintiff and informed her that she was being demoted due to her attendance issues. Plaintiff was told that if improvement in attendance was shown, she would be reinstated to her prior position. Defendant denies the remaining allegations contained in Paragraph 18.

19. Defendant denies the allegations contained in Paragraph 19.

20. Defendant admits that it terminated Plaintiff on February 21, 2025. Defendant denies the remaining allegations contained in Paragraph 20.

21. Defendant denies the allegations contained in Paragraph 21.

22. Defendant denies the allegations contained in Paragraph 22.

23. Paragraph 23 is a legal statement to which no response is required. To the extent that any required, Defendant admits that Plaintiff filed a CHRO Charge and received a release of jurisdiction which speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 and therefore denies same and leaves Plaintiff to her proof.

**COUNT TWO: RETALIATION IN VIOLATION OF CONN. GEN. STAT. § 46a-60(b)(4)**

1. Defendant hereby incorporates its answers to Paragraphs 1 through 20 of Count One as its answers to Paragraphs 1 through 20 of Count Two as if they were fully stated herein.

21. Defendant denies the allegations contained in Paragraph 21.

22. Defendant denies the allegations contained in Paragraph 22.

23. Defendant denies the allegations contained in Paragraph 23.

24. Paragraph 24 is a legal statement to which no response is required. To the extent that any required, Defendant admits that Plaintiff filed a CHRO Charge and received a release of jurisdiction which speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 and therefore denies same and leaves Plaintiff to her proof.

## DEMAND FOR RELIEF

To the extent a response is required, Defendant denies that Plaintiff is entitled to any and all relief sought.

## SPECIAL DEFENSES[1]

FIRST SPECIAL DEFENSE

Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

SECOND SPECIAL DEFENSE

Plaintiff's Complaint and each alleged cause of action are barred in whole or in part because any and all actions taken by Defendant with respect to Plaintiff were taken in good faith for legitimate, non-retaliatory reasons.

THIRD SPECIAL DEFENSE

Plaintiff has suffered no damages as a result of any purportedly wrongful acts of Defendant and is not entitled to any relief and/or attorneys' fees on any basis.

FOURTH SPECIAL DEFENSE

Without conceding that Plaintiff has suffered any damages as a result of any purportedly wrongful acts of Defendant, which she did not, Plaintiff's claims for damages are barred or reduced by her failure to take reasonable steps to mitigate any alleged damages, including by using reasonable diligence to seek and obtain comparable employment elsewhere.

FIFTH SPECIAL DEFENSE

Plaintiff fails to state a claim in whole or in part upon which compensatory, punitive, attorneys' fees, costs and/or money damages may be awarded.

SIXTH SPECIAL DEFENSE

Without conceding any wrongdoing or liability, Plaintiff's Complaint and each alleged cause of action are barred in whole or in part because Defendant would have made the same

[1] Defendant asserts these defenses without assuming any burden of production or proof that it would not otherwise have.

employment decisions concerning Plaintiff even in the absence of consideration of Plaintiff's alleged protected activity.

SEVENTH SPECIAL DEFENSE

Plaintiff's Complaint and each alleged cause of action are barred in whole or in part by the applicable statute of limitations.

EIGHTH SPECIAL DEFENSE

Plaintiff failed to make any complaints to Defendant regarding any alleged treatment she received and failed to utilize available avenues to make complaints provided by Defendant.

***

Defendant reserves the right to amend its Answer to the Complaint, to add additional or other Special Defenses, delete or withdraw same, and to add other claims as they may become necessary after reasonable opportunity for discovery.

WHEREFORE, Defendant respectfully requests that this Court:

a) Deny each demand, claim, and prayer for relief contained in the Complaint;

b) Award to Defendant reimbursement for reasonable attorneys' fees and costs incurred in defending this meritless and vexatious action; and

c) Grant such other and further relief that the Court may deem just and proper.

**DEFENDANT,**
**FOX PEST SERVICES, LLC**

By: *<u>/s/ John P. Shea, Jr.</u>*

John P. Shea, Jr. (ct17433)
john.shea@jacksonlewis.com
Thomas W. Moyher (ct29459)
thomas.moyher@jacksonlewis.com
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT 06103
P: (860) 522-0404
F: (860) 247-1330

**CERTIFICATION OF SERVICE**

I hereby certify that on December 11, 2025, a copy of foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

*/s/ Thomas W. Moyher*
Thomas W. Moyher